FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 AUG 28 PM 1:22

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

KATIE CHILDRE,

      Plaintiff,

v.

SHERIFF DARRYL DANIELS, in his official
capacity as Sheriff of Clay County, Florida; and
TERREL SINGLETARY, Individually.

      Defendants.
_____/

CASE NO.:

6:17-cv-1560-ORL-37DCI

JURY TRIAL DEMANDED
UNDER FRCP 38(b)

## PLAINTIFF'S COMPLAINT

Plaintiff, **KATIE CHILDRE** (hereinafter "CHILDRE"), by and through the undersigned counsel, files this Complaint and hereby states and alleges as follows:

### INTRODUCTION

Recognizing that county Sheriff personnel, among others, have the ability to access any person's private information, especially that information retained by the State in connection with a driver's license, Congress passed legislation commonly known as the Driver's Privacy Protection Act of 1994 (hereinafter "DPPA") to safeguard this information. This case involves the violation of Plaintiff, CHILDRE'S, rights under the DPPA and 42 U.S.C. § 1983, the Civil Rights Act, by the Defendants. Defendant, **TERREL SINGLETARY** (hereinafter "SINGLETARY"), while employed by SHERIFF DARRYL DANIELS, in his official capacity as Sheriff of Clay County, Florida (hereinafter "DANIELS") and acting within the course and scope of their employment therewith or, alternatively, with the apparent authority of DANIELS,

accessed private protected personal information, through the Driver and Vehicle Information Database (hereinafter "D.A.V.I.D.") system multiple times on June 22, 2012, November 28, 2012, March 26, 2013, August 15, 2013, November 14, 2013, January 25, 2014, June 9, 2014, August 18, 2014, December 24, 2014, May 26, 2015, July 20, 2015, and September 17, 2015, and probably more times before and after that date, without any legitimate proper purpose to do so, thereby violating the DPPA and the Civil Rights Act and damaging Plaintiff, CHILDRE, by committing these violations. Plaintiff is entitled to a determination that her rights have been violated, to an order enjoining further violations, and to monetary damages for these violations.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to the Driver's Privacy Protection Act 18 U.S.C. § 2721 et seq., the Civil Rights Act 42 U.S.C. §1983 and 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(a)(3). These statutory provisions confer original jurisdiction of this Court over this matter.

2. All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution.

## THE PARTIES

3. Plaintiff, CHILDRE, at all relevant times, is a resident of the State of Florida and citizen of the United States of America.

4. Defendant, SINGLETARY, was, at all times material hereto, a sheriff's officer and employee of DANIELS, acting within the course and scope of her employment, agency and/or representative capacity therewith of DANIELS.

5. Defendant, DANIELS, is Sheriff of the Clay County Sheriff's Office located in

Clay County, Florida, operating by virtue of the laws of the State of Florida. At all times material hereto, DANIELS, maintained, operated and administered a sheriff's office known as CLAY COUNTY SHERIFF'S OFFICE (hereinafter "CCSO").

6. Defendant, DANIELS established or failed to establish customs, policies and procedures to regulate the conduct of his agents and employees and for ensuring that his employees and agents obeyed the laws of the State of Florida and the United States.

7. At all material times hereto, DANIELS' agents, servants and employees were acting in the course and scope of their employment.

## FACTUAL ALLEGATIONS

8. The attached D.A.V.I.D. Audit Report ("D.A.V.I.D. Report"), identified as Exhibit "1" and incorporated herein by reference, was provided by DHSMV to Plaintiff's counsel upon request, on behalf of Plaintiff.

9. The attached D.A.V.I.D. report shows each time Plaintiff's private personal data was obtained by SINGLETARY.

10. Plaintiff's personal private information was obtained through Florida's D.A.V.I.D system approximately twelve (12) separate times by SINGLETARY, illustrated in Exhibit 1.

11. SINGLETARY's obtainment and/or disclosure of Plaintiff's personal private information through Florida's D.A.V.I.D system was done so without a permissible use pursuant to 18 U.S.C. § 2721 et seq.

12. The login page to D.A.V.I.D. system includes the following monition:

> All data contained within the DAVID system is sensitive and privileged information and shall be handled accordingly. To maintain the integrity of this information, the records will be accorded proper management and security, and will only be accessed and used by authorized personnel in

> accordance with state and federal law.
>
> Activity associated with any aspect of the DAVID system is subject to detailed monitoring and audits to protect against improper or unauthorized use. Unauthorized use includes, but is not limited to, queries not related to a legitimate business purpose, personal use, dissemination, sharing, copying, or passing of DAVID information to unauthorized users and could result in civil proceedings against the offending agency and or criminal proceedings against any user or other person involved. Violations or misuse may also subject the user and the user's agency to administrative sanctions and possible disciplinary action by their agency, and could result in DAVID access termination.
>
> Accessing the DAVID system by any individual or agency constitutes their consent to the monitoring of all activities, as well as consent to the suspension or termination of their access privileges during or following any audit that determines misuse of the system.

13. As reflected in Exhibit 1, SINGLETARY, while acting as an employee, agent and/or representative of DANIELS, in the course and scope of their employment, agency and/or representative capacity therewith, obtained and disclosed Plaintiff's private and highly-restricted personal information, from a motor vehicle record, via the D.A.V.I.D system, including, her home address, color photograph or image, social security number, date of birth, state of birth, detailed vehicle registration information and description, prior and current home and mailing addresses, driving record, insurance carrier, emergency contacts and those contacts' private and highly- restricted personal information, for a purpose not permitted under the DPPA, in violation of the DPPA and the Civil Rights Act.

14. The D.A.V.I.D system, to which access is limited and approved by the DHSMV, permits county sheriff's personnel to search Florida driver licenses, identification cards, and license plates (tags) amongst other private and highly-restricted personal information.

15. In addition to the limitations imposed by the DHSMV, Defendant, DANIELS, had

the ability to develop, implement and enforce training and/or supervision policies relating to their employees' use of and access to the D.A.V.I.D. system to ensure that it was not being misused and abused, to prevent unauthorized accesses of private data of Plaintiff (and other Florida citizens), to prevent violations of the DPPA, and to discipline employees who violated their policies and the law.

16. Whatever training, monitoring, and/or supervision of employees' usage of the information systems has been adopted, implemented, and ratified by DANIELS is woefully inadequate to ensure that access is used properly and lawfully.

17. Upon information and belief, despite the training, monitoring and/or supervision policies of DANIELS, it allowed employees, including but not limited to SINGLETARY, to view Plaintiff's private driver's license information for unlawful purposes.

18. On information and belief, DANIELS, permitted, condoned, or acquiesced in this illegal access to Plaintiff's private information, and knew or should have known that it was occurring.

19. On information and belief, this illegal access occurs with regularity not only of Plaintiff's private information but of other Florida drivers' private information.

20. Defendant, DANIELS, has lax policies and/or lax enforcement of these policies that allow for these privacy intrusions.

21. Defendant, DANIELS, either has no viable method or has an inadequate method of ascertaining, controlling, and/or supervising the access to individuals' private information by their employees.

22. Defendant, DANIELS, failed to prevent improper access to the database,

including access to Plaintiff's driver's license information.

23. The policy of the State of Florida is to uphold the provisions of the law, both state and federal, and to protect and safeguard the privacy rights of Florida's citizens and inhabitants, including its drivers' privacy rights, and including those rights as are required to be protected by federal law, and in particular, it is the policy of the State of Florida to comply with the provisions and requirements of the DPPA, 18 U.S.C. § 2721, et. seq.

24. On information and belief, Defendant, SINGLETARY, used CHILDRE'S name— not her license plate number— to look up her private and highly restricted personal information.

25. Upon information and belief, after obtaining CHILDRE'S private and highly restricted personal information, Defendant SINGLETARY disclosed said personal information.

26. CHILDRE never waived the protections of the DPPA, nor consented to SINGLETARY obtaining her personal private information from the State of Florida's D.A.V.I.D. database.

**COUNT I: 18 U.S.C. §2721, et seq.**
Violation of the Driver's Privacy Protection Act as to Plaintiff
*(Against Defendant SINGLETARY)*

27. Plaintiff, CHILDRE, hereby re-alleges and incorporates paragraphs one (1) through twenty-six (26) of this Complaint, as if fully set forth herein.

28. Plaintiff, CHILDRE, provided information to Florida Department of Highway Safety and Motor Vehicles (hereinafter "DHSMV"), including her home address, color photograph or image, social security number, date of birth, state of birth, detailed vehicle

registration information and description, prior and current home and mailing addresses, emergency contacts and private and highly-restricted personal information, in part, for the purpose of acquiring and using a Florida driver's license.

29. The DHSMV also maintains CHILDRE's driving record and that information is made available on the D.A.V.I.D. system.

30. At no time did Plaintiff, CHILDRE, provide her consent for SINGLETARY to obtain, disclose, or use her personal information.

31. Knowingly obtaining, disclosing, or using an individual's personal information, from a motor vehicle database, for a purpose not permitted under the DPPA, is a violation of the DPPA. The statute provides for criminal fines and civil penalties. 18 U.S.C. §§ 2723, 2724.

32. The DPPA provides relief for violations of a person's protected interest in the privacy of her motor vehicle records and the identifying information therein.

33. Defendant, SINGLETARY, while acting as an employee, agent and/or representative of DANIELS in the course and scope of their employment with DANIELS, knowingly obtained, used and/or disclosed CHILDRE's personal information, from a motor vehicle record, for purposes not permitted under the DPPA.

34. None of the actions of SINGLETARY fall within the DPPA's permissible use exceptions for procurement of Plaintiff's personal information.

35. Defendant, CHILDRE, knew or should have known that his actions related to obtaining, using and/or disclosing CHILDRE's personal information were in violation of the DPPA.

Case 3:17-cv-01021-TJC-MCR   Document 1   Filed 08/28/17   Page 8 of 18 PageID 8

36.     Plaintiff, CHILDRE, suffered harm because her private information has been obtained, used and/or disclosed unlawfully. CHILDRE suffered and continues to suffer harm by virtue of the increased risk that her protected information is in the possession of an unauthorized individual and in the possession of an individual who obtained it without a legitimate purpose, as well as the actual use and/or disclosure of her private information.

37.     This is precisely the harm that Congress sought to prevent by enacting the DPPA and its statutory remedies.

38.     Defendant, SINGLETARY, willfully and recklessly disregarded the law, entitling Plaintiff to punitive damages under the DPPA, *see* 18 U.S.C. §2724(b)(2), which is not subject to the pleading requirement of Florida state law as set forth in Fla. Stat. § 768.72. Plaintiff is entitled to actual and punitive damages, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other preliminary and equitable relief as the court determines to be appropriate. 18 U.S.C. § 2724(b).

39.     In addition, under the DPPA, the Plaintiff, CHILDRE, is entitled to a baseline liquidated damages award of not less than $2,500 for each violation of the DPPA. 18 U.S.C. § 27271(b)(1). Plaintiff, CHILDRE, need not prove actual damages to receive liquidated damages.

40.     Upon information and belief, these DPPA violations are continuing and ongoing in nature and require injunctive relief to prevent irreparable harm.

WHEREFORE, Plaintiff, **KATIE CHIDLRE**, prays for judgment against Defendant, TERREL SINGLETARY, individually as follows:

A. A monetary judgment against Defendant, SINGLETARY, for liquidated, actual, and compensatory damages and punitive damages in an amount to be determined by the jury,

together with her costs, including her reasonable attorneys' fees, pursuant to the DPPA, and other applicable laws and prejudgment interest;

B. Actual damages, punitive damages, attorneys' fees and other litigation costs and such other preliminary and equitable relief as the court determines to be appropriate under 18 § U.S.C. 2724(b);

C. Liquidated damages of no less than $2,500.00 for each violation of the DPPA under 18 U.S.C. § 2721(b)(1);

D. An injunction, permanently enjoining SINGLETARY from viewing Plaintiff's private information, unless necessary for law enforcement purposes; and

E. For such other and further relief as this Court deems just and equitable.

### COUNT II: 18 U.S.C. §2721, et seq.
Violation of the Driver's Privacy Protection Act as to Plaintiff
*(Against DANIELS: Vicarious Liability for Defendant, SINGLETARY)*

41. Plaintiff hereby re-alleges and incorporates paragraphs one (1) through forty (40) of this Complaint, as if fully set forth herein.

42. DANIELS, at all times relevant to this action, employed Defendant, SINGLETARY, as an employee of CCSO.

43. At all times material hereto, Defendant, DANIELS, knew or should have known of the violations of the DPPA by SINGLETARY.

44. At all material times relevant to this action, Defendant, SINGLETARY, was an employee, agent and/or representatives of DANIELS and acting within the course and scope of his employment therewith.

45. Defendant, SINGLETARY, is granted access and use to the D.A.V.I.D. system by his employer, DANIELS. SINGLETARY'S use and access of the D.A.V.I.D. system is the kind of activity that SINGLETARY is employed to perform.

46. Defendant, SINGLETARY'S, impermissible use of the D.A.V.I.D. system occurred within the authorized time and space limits of his work place at CCSO.

47. Defendant, SINGLETARY'S, impermissible obtainment, use and/or disclosure of CHILDRE's personal information was actuated, at least in part, to benefit her employer.

48. Therefore, Defendant, DANIELS, is, as a matter of law, vicariously liable for the acts and omissions committed by Defendant, SINGLETARY, while acting within the course and scope of his employment therewith.

49. Defendant, DANIELS, by and through the actions of Defendant, SINGLETARY, violated Plaintiff's federal statutory privacy right, secured by the DPPA, when Defendant, SINGLETARY, while acting as an employee of CCSO, within the course and scope of his employment with DANIELS, knowingly obtained, used and/or disclosed personal information, from a motor vehicle record, for a purpose not permitted under the DPPA, thereby entitling CHILDRE to actual damages, reasonable attorneys' fees and other litigation costs reasonably incurred, and such other preliminary and equitable relief as the court determines to be appropriate. 18 U.S.C. § 2724(b).

50. In addition, under the DPPA, the Plaintiff, CHILDRE, is entitled to a baseline liquidated damages award of not less than $2,500 for each violation of the DPPA. 18 U.S.C. § 27271(b)(1). CHILDRE need not prove actual damages to receive liquidated damages.

51. Upon information and belief, these DPPA violations are continuing and ongoing in nature and require injunctive relief to prevent irreparable harm.

WHEREFORE, Plaintiff, **KATIE CHILDRE**, prays for judgment against DANIELS as follows:

A. A monetary judgment against Defendant, DANIELS, for liquidated, actual, and compensatory damages and punitive damages in an amount to be determined by the jury, together with her costs, including her reasonable attorneys' fees, pursuant to the DPPA, and other applicable laws and prejudgment interest;

B. Actual damages, attorneys' fees and other litigation costs and such other preliminary and equitable relief as the court determines to be appropriate under 18 § U.S.C. 2724(b);

C. Liquidated damages of no less than $2,500.00 for each violation of the DPPA under 18 U.S.C. § 2721(b)(1);

D. An injunction, permanently enjoining DANIELS from viewing Plaintiff's private information, unless necessary for law enforcement purposes; and

E. For such other and further relief as this Court deems just and equitable.

**COUNT III: 42 U.S.C. § 1983**
Violation of the Civil Rights Act
(*Against Defendant, SINGLETARY*)

52. Plaintiff hereby re-alleges and incorporates paragraphs one (1) through forty (40) of this Complaint, as if fully set forth in this paragraph.

53. At no time did CHILDRE behave in a manner that would provide any legal justification for SINGLETARY to invade her privacy.

54. Knowingly obtaining, using and/or disclosing an individual's personal information, from a motor vehicle record, for a purpose not permitted under the DPPA, constitutes a violation of that individual's clearly established federal statutory right.

55. Defendant, SINGLETARY, by knowingly obtaining, using and/or disclosing Plaintiff's personal information, from a motor vehicle record, for a purpose not permitted under the DPPA, violated CHILDRE's clearly established federal statutory right.

56. Defendant, SINGLETARY, at all times material hereto, were acting under color of law, when they violated Plaintiff's clearly established federal statutory privacy right, secured by the DPPA.

57. Defendant, SINGLETARY, while acting under the color of law, knew or should have known that their actions violated and deprived CHILDRE of her clearly established federal statutory privacy right, secured under DPPA.

58. Plaintiff, CHILDRE, as a direct and proximate result of the acts and omissions of Defendant, SINGLETARY, endured physical and mental suffering, and was damaged in an amount yet to be determined.

59. Punitive damages are available against Defendant, SINGLETARY, for the reckless and callous disregard for Plaintiff's rights and intentional violations of the federal law, and are hereby claimed as a matter of federal common law, *Smith v. Wade,* 461 U.S. 30 (1983), and, as such are not subject to the pleading requirement for punitive damages set forth in Fla. Stat. § 768.72.

60. Plaintiff is entitled to recovery of her costs, including reasonable attorneys' fees, pursuant to 42 U.S.C § 1988.

61. Upon information and belief, these violations are continuing and ongoing in nature and require injunctive relief to prevent irreparable harm.

WHEREFORE, Plaintiff, **KATIE CHILDRE**, prays for judgment against Defendant, **TERREL SINGLETARY**, as follows:

A. A monetary judgment against Defendant, TERREL SINGLETARY, for liquidated, actual, and compensatory damages and punitive damages in an amount to be determined by the jury, together with her costs, including her reasonable attorneys' fees, pursuant to 42 U.S.C. §1988, the DPPA, and other applicable laws and prejudgment interest;

B. Actual damages, punitive damages, attorneys' fees and other litigation costs and such other preliminary and equitable relief as the court determines to be appropriate under 18 § U.S.C. 2724(b);

C. Liquidated damages of at least $2,500.00 for each violation of the DPPA under 18 U.S.C. § 2721(b)(1);

D. An injunction, permanently enjoining Defendant, TERREL SINGLETARY, from viewing Plaintiff's private information, unless necessary for law enforcement purposes; and

E. For such other and further relief as this Court deems just and equitable.

### COUNT IV: 42 U.S.C. § 1983
Violation of the Civil Rights Act
*(Against DANIELS: Failure to Train and/or Supervise)*

62. Plaintiff hereby re-alleges and incorporates paragraphs one (1) through fifty-one (51) of this Complaint, as if fully set forth in this paragraph.

63. DANIELS, at all times relevant to this action hired, trained, supervised and retained Defendant, SINGLETARY, as employees of CCSO.

64. Defendant, SINGLETARY, under the training and supervision of DANIELS, violated Plaintiff's federal statutory rights protected by the DPPA, in violation of the Civil Rights Act, as more fully pled herein above.

65. SINGLETARY'S access of CHILDRE's private information is not unique but an example of how frequently such government entities, including DANIELS, customarily violate the DPPA by accessing private driver's license information of persons without having any legitimate or permissible reason for doing so.

66. Several articles have been published in regards to employees of government entities, including employees of DANIELS, unlawfully using the D.A.V.I.D. system as a form of social media, and using it to look up friends or acquaintances.

67. Furthermore, individuals familiar with police department procedures, including the police department procedures in DANIELS, state that it is accepted and common practice for law enforcement personal, including officers and their supervisors, to unlawfully and impermissibly access an individuals' information on law enforcement databases, and these individual law enforcement personnel are rarely if ever held accountable.

68. Upon information and belief, it is accepted and common practice for county sheriff personnel, including sheriff officers and their supervisors, to unlawfully and impermissibly obtain, use and/or disclose an individual's information on county databases, and these individual county sheriff personnel are rarely if ever held accountable.

69. Defendant, DANIELS, failed to provide adequate training and/or supervision to employees of CCSO, including, but not limited to, SINGLETARY, regarding the proper use of and access to the D.A.V.I.D. system so as to prevent SINGLETARY'S violation of the Civil Rights Act with regards to Plaintiff, CHILDRE.

70. Defendant, DANIELS, was aware of misuse of the D.A.V.I.D. system, in violation of the Civil Rights Act, by employees of CCSO prior to SINGLETARY'S misuse of the D.A.V.I.D. system, in violation of the Civil Rights Act with regards to Plaintiff, CHILDRE.

71. To the best of CHILDRE's knowledge and during the time SINGLETARY improperly accessed CHILDRE's private information, no system was established by DANIELS to monitor the regular access of the D.A.V.I.D. system by its employees.

72. To the best of CHIDLE's knowledge and during the time SINGLETARY improperly accessed CHILDRE's private information, no reviews or investigations were conducted by DANIELS for other improper accesses of the D.A.V.I.D. system by other DANIELS employees.

73. To the best of CHILDRE's knowledge and during the time SINGLETARY improperly accessed CHILDRE's private information, no attempts were made by DANIELS to protect and safeguard the rights of CHILDRE and other persons' private and highly restricted personal information that is in the access and control of DANIELS.

74. To the best of CHILDRE's knowledge and during the time SINGLETARY improperly accessed CHILDRE's private information, it was the custom or practice of DANIELS' employees and officials to access the D.A.V.I.D. system without having to provide a

legitimate reason or explanation as to why said employees and officials wanted to access the D.A.V.I.D. system.

75. Defendant, DANIELS', knowledge of previous misuse of the D.A.V.I.D. system by employees of CCSO provided a basis to implement adequate training and/or supervision to employees of CCSO, including, but not limited to, SINGELTARY, to prevent future misuse of the D.A.V.I.D. system, in violation of the Civil Rights Act.

76. The failure of DANIELS to provide adequate training and/or supervision to employees of CCSO, including, but not limited to, SINGLETARY, demonstrate a deliberate indifference on the part of DANIELS.

77. The prevalence of DANIELS' lack of lack of training and/or supervision regarding proper access to and use of the D.A.V.I.D. and the failure to take action to stop or prevent misuse of the D.A.V.I.D. system by employees of CCSO, including, but not limited to, SINGLETARY, demonstrate Defendant, DANIELS', deliberate indifference to the federal statutory rights of the citizens and persons, including Plaintiffs, whose information has been accessed for an improper purpose under the DPPA.

78. Defendant, DANIELS' lack of adequate training and/or supervision for employees of CCSO, including, but not limited to, SINGLETARY, regarding the proper use of and access to the D.A.V.I.D. system, served as the driving force behind SINGLETARY'S violations of Plaintiff's federal statutory rights, established and protected by the DPPA.

79. Upon information and belief, had DANIELS implemented adequate training and/or supervision to its employees, or had the proper systems in place to track, monitor, and limit the use and access to the D.A.V.I.D. system by its employees, the federal statutory rights of

the citizens and persons, including Plaintiffs, whose information has been accessed for an improper purpose under the DPPA, would have been prevented.

80. As a direct and proximate result of the deprivation of Plaintiff's federal statutory rights, established and protected under the DPPA, Plaintiff, CHIDLRE, actual damages in an amount yet to be determined.

81. Plaintiff is entitled to recovery of her costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

82. Upon information and belief, these violations are continuing and ongoing in nature and require injunctive relief to prevent irreparable harm.

WHEREFORE, Plaintiff, **KATIE CHIDLRE**, prays for judgment against DANIELS as follows:

A. A monetary judgment against DANIELS for liquidated, actual and compensatory and damages in an amount to be determined by the jury, together with her costs, including her reasonable attorneys' fees, pursuant to 42 U.S.C. §1988, the DPPA, and other applicable laws and prejudgment interest;

B. Actual damages, attorneys' fees and other litigation costs and such other preliminary and equitable relief as the court determines to be appropriate under 18 § U.S.C. 2724(b);

C. Liquidated damages of at least $2,500.00 for each violation of the DPPA under 18 U.S.C. § 2721(b)(1);

D. An injunction, permanently enjoining DANIELS from viewing Plaintiff's private information, unless necessary for law enforcement purposes; and

E. For such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial as to all issues of fact herein properly triable to a jury under any statute or under common law.

Dated: August 18, 2017

Respectfully submitted,

/s/ Moses R. DeWitt
Moses R. DeWitt
FBN: 84958
DEWITT LAW FIRM, P.A.
37 N. Orange Avenue, Suite 840
Orlando, Florida 32801
Phone: (407) 245-7723
Facsimile: (407) 650-1928
E-Mail: service@dewittlaw.com
**Counsel for Plaintiff**